UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMUEL ENGLEHARDT,

    Plaintiff,

v.                                        Case No.: 2:25-cv-386-SPC-KCD

STATE OF FLORIDA, et al.,

    Defendants.
                                        /

## **OPINION AND ORDER**

Before the Court are two motions to dismiss: one filed by Defendant Fort Myers Police Department (Doc. 13) and an unopposed one filed by Defendant Lee County Sheriff's Department (Doc. 17). For the below reasons, the Court grants the motions.[1]

This is a civil rights violation case. Plaintiff alleges that he was held in custody for thirty-two days, he was repeatedly denied access to an attorney, he was never brought before a judge, and he was never advised of the criminal charges against him. No other facts are alleged. As a result, Plaintiff brings this action for violation of his Sixth and Fourteenth Amendment rights against

---

[1] Although Fort Myers Police Department's motion is not yet ripe, the Court need not wait for Plaintiff's response when any attempt at salvaging his claim would be futile. *See Hooker v. Shinseki*, No. 8:12-CV-2759-T-30TBM, 2013 WL 593930, at *1 (M.D. Fla. Feb. 15, 2013) ("The Court need not wait for Hooker's response to the motion to dismiss because any attempt at maintaining this action is futile.").

the Fort Myers Police Department, the Lee County Sheriff's Department, the Florida Department of Corrections, the State of Florida, and several state court judges. He seeks punitive and compensatory damages, injunctive relief, expungement of any records, and complete exoneration of all allegations against him. (Doc. 4).

Plaintiff's amended complaint falls well short of the general pleading requirements. Together, Federal Rules of Civil Procedure 8 and 10 lay out the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Violations of these rules can create shotgun pleading problems. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). The problems largely being that shotgun pleadings do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Plaintiff's amended complaint contains no facts, only legal conclusions. And it does not identify any conduct by any Defendant, let alone assert a specific claim against any of them. This is a textbook shotgun pleading. *See Weiland*, 792 F.3d at, 1322–23. So the Court dismisses Plaintiff's amended complaint.

What's more, neither the Fort Myers Police Department nor the Lee County Sheriff's Department are legal entities subject to suit. *See, e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit." (citations omitted)); *Taylor v. Hall*, No. 5:25-CV-19-WFJ-PRL, 2025 WL 326678, at *3 (M.D. Fla. Jan. 29, 2025) (dismissing the plaintiff's claims against Citrus County Sheriff's Department because "it is not a legal entity subject to suit"); *Lewis v. Bradenton Beach Police Dep't*, No. 8:11-CV-18-T-30AEP, 2011 WL 1227825, at *3 (M.D. Fla. Apr. 1, 2011) ("Florida courts have consistently found that city police departments are not separate legal entities subject to suit."). So Plaintiff fails to state a claim against them.

As for leave to amend, "[w]here 'a more carefully drafted complaint' might cure the deficiencies in a complaint, a *pro se* plaintiff must be given 'at least one chance to amend' before it is dismissed with prejudice." *Horn v. Est. of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019)). Because the Lee County Sheriff Department and the Fort Myers Police Department are not legal entities subject to suit, a more carefully drafted complaint would not help Plaintiff's claims against them. So these Defendants are dismissed with prejudice. As for the remainder of his claims, the Court will permit Plaintiff one opportunity to provide a pleading that complies with Rules 8 and 10.

Accordingly, it is now

**ORDERED:**

1. Defendant Fort Myers Police Department's Motion to Dismiss (Doc. 13) is **GRANTED**.

2. Defendant Lee County Sheriff's Department's Motion to Dismiss (Doc. 17) is **GRANTED.**

3. The Clerk is **DIRECTED** to terminate these Defendants as parties to this action.

4. Plaintiff's amended complaint (Doc. 4) is **DISMISSED.**

5. On or before **August 8, 2025**, Plaintiff must file a second-amended complaint that satisfies basic pleading requirements.[2]

6. **Failure to comply with this Order will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 25, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The deadline for Defendants Fernandez, Greider, Hawthorne, Reichling, Schreiber, and Swift to respond to the forthcoming second amended complaint remains September 2, 2025. (Doc. 33).